UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RANDALL BERGMAN,<br><br>      Plaintiff,<br><br>   v.<br><br>COUNTY OF KERN, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:14-cv-01734 - ---  - JLT<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

      Plaintiff Chad Bergman initiated this action against the County of Kern by filing a complaint on November 6, 2014. (Doc. 1.) Plaintiff alleges employees of the County violated his civil rights arising under the Constitution of the United States, and the County is liable for violations of both federal and state laws. Because Plaintiff fails to articulate sufficient facts to support his claims, the complaint is **DISMISSED** with leave to amend.

**I.    Pleading Requirements**

      General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted).  If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**II.    Plaintiff's Allegations**

Plaintiff alleges he was arrested on August 30, 2013 "near the intersection of El Tejon and Oildale Drive, in an unincorporated area of Kern County." (Doc. 1 at 4.)  He asserts that "Defendants

Does 1 through 50"—including "deputy sheriffs, officers, employees, and agents" of the County—executed an arrest without probable cause, and with unreasonable force. (*Id.* at 4-5, 7-13.) According to Plaintiff, Defendants "Does 51 to 100 were negligent and careless with hiring, training, supervision and discipline" of Does 1 through 50. (*Id.* at 6.) Plaintiff reports he suffered scrapes, bruises, "shoulder injuries, torn or otherwise damaged tendons, torn or otherwise damaged rotator cuffs, and other injuries" as a result of the actions taken in the course of his arrest. (*Id.* at 10, 15.) Plaintiff alleges he needed medical care following the arrest, and that "DOES 1 to 50, inclusive: (1) knew that Plaintiff was in need of immediate medical care; and (2) intentionally, deliberately, or deliberately indifferently failed to provide or summon such medical care." (*Id.* at 15.)

Based upon the foregoing, Plaintiff identifies the following causes of action against the County and the "Doe" defendants: (1) excessive force in violation of the Fourth Amendment, (2) unlawful arrest in violation of the Fourth Amendment, (3) failure to provide medical care in violation of the Fourteenth Amendment, (4) conspiracy in violation of 42 U.S.C. §§ 1983 and 1988, (5) violation of Cal. Civ. Code § 52.1, (6) assault, (7) battery, (8) false imprisonment, (9) conversion and/or trespass to chattels, (10) intentional infliction of emotional distress, (11) negligence, and (12) civil conspiracy in violation of California law. (Doc. 1 at 7-35.)

**III.    Discussion and Analysis**

    **A.    Causes of action arising under Section 1983**

Plaintiff asserts Defendants are liable for violations of his civil rights arising under the Fourth and Fourteenth Amendment of the Constitution of the United States. He seeks to raise these claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### 1. Excessive Force amount to Punishment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth

Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Here, Plaintiff fails to provide any facts related to the actions taken by officers in the course of his arrest. Although he states "DEPUTY T. MOORE, DEPUTY B. EIDENSHINK, SGT DELEON[1] and DOES 1 to 50" used excessive force, there are no facts for the Court determine whether Plaintiff posed a threat to the safety of others, whether he was arresting arrest, or whether the officers issued a warning. Plaintiff must do more than offer only his conclusion that the officers used excessive force; he must provide sufficient facts support his claim. *Iqbal*, 556 U.S. at 678. Moreover, to state a claim arising under Section 1983, Plaintiff must clearly allege how each individual defendant—including Does— acted in a manner that caused a violation of his rights. *See West*, 487 U.S. at 48; *Johnson*, 588 F.2d at 742. Given the lack of supporting factual allegations, Plaintiff fails to state a cognizable claim for the use of excessive force, and this claim is **DISMISSED** with leave to amend.

### 2. Arrests under the Fourth Amendment

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution,*

---

[1] Notably, Plaintiff has not identified these individuals as defendants. Each cause of action in the complaint is raised only as to the County and "Does 1 to 100."

*amend. IV*.  A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause.  *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Although Plaintiff alleges the officers did not possess a warrant for his arrest, it is not clear which Defendants he believes are liable for his claim.  Because Plaintiff has not identified individuals who arrested him without a warrant, he fails to allege sufficient facts to support his claim for a violation of the Fourth Amendment.  *See West*, 487 U.S. at 48; *Johnson*, 588 F.2d at 742.  As a result, this claim is **DISMISSED** with leave to amend.

### 3. Medical Care under the Fourteenth Amendment

As individual in custody must rely upon officials for medical care, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), (internal citation and quotation marks omitted).  However, when an individual, such as Plaintiff, has not yet been convicted of a crime, the proper analysis of his rights occurs under "the more protective substantive due process standard" of the Fourteenth Amendment rather than the Eighth Amendment.  *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment").  Regardless, with issues related to health and safety, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes."  *Gibson*, 290 F.3d at 1187.  Therefore, the Court looks to the Eighth Amendment to determine whether Plaintiff's right to adequate medical care was violated.

To state a cognizable claim for inadequate medical care, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  The Ninth Circuit explained: "First, the plaintiff must show a serious medical need

by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

### a. Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104).  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Here, Plaintiff reports he suffered scrapes and bruises, as well as "shoulder injuries, torn or otherwise damaged tendons, torn or otherwise damaged rotator cuffs, and other injuries" as a result of the actions taken in the course of his arrest.  (Doc. 1 at 10, 15.)  Further, Plaintiff alleges he suffered "nerve damage and numbness to both arms and hands." (*Id.* at 15.)  Thus, Plaintiff has alleged he suffered a serious medical need.

### b. Deliberate indifference

If a plaintiff establishes the existence of a serious medical need, he must then show that officials responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In clarifying the culpability required for "deliberate indifference," the Supreme Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). When a defendant should have been aware of the risk of substantial harm to the prisoner but was not,

"then the person has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060). Claims of negligence are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Generally, deliberate indifference may be manifested in two manners: "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

In this case, Plaintiff fails to allege any of the sheriff deputies with whom he interacted had actual knowledge of his need for medical care. Plaintiff does not allege he requested treatment, or that his need for medical attention was apparent. The allegation that officers demonstrated deliberate indifference, without more, is insufficient to state a claim. Further, as explained above, Plaintiff fails to identify any specific officers (such as Doe 1, Doe 2 or Doe 10) who knew Plaintiff needed medical care and denied his access to treatment. Therefore, Plaintiff's claim of inadequate medical care is **DISMISSED** with leave to amend.

### 4. Conspiracy

Plaintiff's fourth cause of action is for civil conspiracy under federal law. (Doc. 1 at 17.) In the context of conspiracy claims brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A claim of conspiracy requires a plaintiff to "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted). In addition, a plaintiff must show an "actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Here, Plaintiff fails to meet his burden to identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997). There are no facts supporting Plaintiff's assertion that a conspiracy was formed or explaining how his injury resulted from a conspiracy. Instead, Plaintiff provides little more than a "mere allegation of conspiracy without factual specificity." *Karim-Panahi*, 839 F.2d at 626. Moreover, as discussed above, Plaintiff fails to allege facts supporting a finding that his constitutional rights were violated. Consequently, Plaintiff's claim for a conspiracy in violation of federal law lacks sufficient factual support, and **DISMISSED** with leave to amend.

### 5. Municipal Liability under Section 1983

As a general rule, a local government entity may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains. *Gibson*, 290 F.3d at 1185. Thus, a government entity may be sued under Section 1983 when a governmental policy or custom is the cause of a deprivation of federal rights. *Monell*, 436 U.S. at 694.

To establish liability, Plaintiff must show: (1) he was deprived of a constitutional right; (2) the District had a policy; (3) this policy amounted to deliberate indifference of her constitutional right; and (4) the policy "was the moving force behind the constitutional violation." *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at 690-92. There are three methods by which a policy or custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *8 (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)). Furthermore, a policy may be inferred if there is evidence of

repeated constitutional violations for which officers were not reprimanded. *Menotti*, 409 F.3d at 1147.

A policy amounts to deliberate indifference where "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (citing Oviatt, 954 F.2d at 1477-78); *accord Canton*, 489 U.S. at 390. To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Gibson,* 290 F.3d at 1186 (citing *Farmer*, 511 U.S. at 841).

Importantly, Plaintiff has not alleged any facts to support a finding that the County was on actual or constructive notice of any potential harm as a result of its policies. Although Plaintiff asserts the Kern County Sheriff's Department "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" he allegedly suffered (Doc. 1 at 8), Plaintiff has not identified any other events to establish that an unconstitutional policy or custom. The standard for deliberate indifference "is incredibly high; one that requires the plaintiff to establish more than one incident to create a patterned and pervasive violation." *Jaquez v. County of Sacramento*, 2011 U.S. Dist. LEXIS 11165, at *6 (E.D. Cal. Feb. 1, 2011) (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985)). As a result, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out that policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Because Plaintiff fails to plead sufficient facts to support a finding that the County had an unconstitutional policy or custom, he fails to state a claim against the County arising under Section 1983.

### 6. Supervisor Liability

Plaintiff asserts Does 51-100 "are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and supervision with the respect to the use of force against suspects such as Plaintiff." (Doc. 1 at 7.) Thus, Plaintiff seeks to hold these "Doe" defendants liable for their role as supervisors of Does 1-50.

Significantly, the supervisor of an individual who allegedly violated a plaintiff's constitutional

rights is not made liable for the violation under Section 1983 simply by virtue of that role. *Monell*, 436 U.S. at 691; *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, supervisor liability exists "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885, F.2d 642, 646 (9th Cir. 1989). A causal link between a supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).

In the Complaint, Plaintiff fails to plead sufficient facts to support his claims that the subordinate officers violated of his constitutional rights. Further, Plaintiff fails to plead any facts which would create any distinct liability under this claim. The Court cannot presume a causal link for Plaintiff between the actions of subordinate officers, the supervisors, and his alleged injuries. Because the facts alleged are insufficient to impose supervisor liability under *Monell*, Plaintiff fails to state a claim against Does 51-100 under Section 1983.

### B. Claims arising under California Law

As an initial matter, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public entity or employee unless he has presented a written claim within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). This requirement applies to all tort claims seeking money damages, including claims under Cal. Civ. Code § 52.1. *See Williams v. City of Antioch*, 2010 WL 3632199, at *4 (N.D. Cal. Sept. 2, 2010). In addition to complying with the claims presentation procedure, a plaintiff is obligated to plead compliance with the Act. *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243, (2004). Failure to so plead equates to a failure to state a claim under California law. *Id.* Here, Plaintiff alleges he timely presented a claim "to the Clerk of the Kern County Board of Supervisors on February 28, 2014," which "was denied by letter dated May 5, 2014." (Doc. 1 at 7.) Thus, Plaintiff pleads compliance with the CTCA, and may pursue

tort claims against the County and its employees.

### 1. Assault

As his sixth cause of action, Plaintiff asserts the County and Does 1-100 are liable for assault under California law. (Doc. 1 at 23.) To state a cognizable claim of assault under California law, a plaintiff must allege: (1) that the defendant intended or threatened to cause offensive contact (2) the plaintiff believed himself to be in imminent danger, (3) the contact occurred against the plaintiff's will, (4) the conduct caused harm, and (5) the defendant's conduct substantially caused the harm. *Yun Hee So v. Sook Ja Shin*, 151 Cal.Rptr.3d 257, 269 (2013). Plaintiff fails to allege facts such that the Court may determine deputies intended offensive contact, or threatened Plaintiff with offensive contact. Indeed, there are no facts related to what any individual officer said or did in the course of Plaintiff's arrest. Consequently, the facts alleged are insufficient to support a claim for assault, and his sixth cause of action is **DISMISSED** with leave to amend.

### 2. Battery

Plaintiff alleges also that the County and Does 1 through 100 are liable for battery under California law. (Doc. 1 at 25.) A battery occurs when: "(1) [a] defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) [the] plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [the] plaintiff." *Brown v. Ransweiler*, 89 Cal.Rptr.3d 801, 811 (2009).

Significantly, this claim is analogous to an Eighth Amendment claim of the excessive use of force. *Brown*, 89 Cal.Rptr.3d at 811. Thus, in a claim of battery against an officer, a plaintiff must allege that the officer used unreasonable force. *Id.*; *see also Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998). As discussed above, Plaintiff fails to allege facts sufficient to put the defendants on notice of his claim for unreasonable force, including the alleged unlawful actions that were taken, and by whom. Given the factual deficiencies of Plaintiff's claim, his seventh cause of action for battery is **DISMISSED** with leave to amend.

### 3. False Imprisonment

False imprisonment is defined by statute as "the unlawful violation of the personal liberty of another." Cal. Pen. Code. § 236. The tort is defined identically, and consists of the "nonconsensual,

12

intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Molko v. Holy Spirit Assoc.*, 46 Cal.3d 1092, 1123 (1988). "The only mental state required to be shown for false imprisonment is the intent to confine, or to create a similar intrusion." *Fermino v. FedCo. Inc.*, 7 Cal.4th 701, 716 (1994).

To state a cognizable claim for false imprisonment, Plaintiff must state facts showing either that he was unlawfully arrested and then imprisoned, or that an unreasonable delay occurred in presenting the arrestee before a judge. *City of Newport Beach v. Sasse*, 9 Cal.App.3d 803, 810 (1970). However, there is no civil liability for an officer "acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest" when (1) the arrest was lawful, or the officer had reasonable cause to believe the arrest was lawful at the time of the arrest, or (2) the arrest was made pursuant to a charge made, upon reasonable cause, of the commission of a felony by the person to be arrested. Cal. Pen. Code. § 847.

Here, there are no facts to support a claim for false imprisonment. For example, Plaintiff has provide no factual allegations that the officers were acting outside the scope of their duties at the time of his arrest, that the arrest was unlawful, or that the officers did not have a reasonable belief that the arrest was lawful at the time they made the arrest. Therefore, Plaintiff's allegations do not support a cognizable claim for false imprisonment, and this claim is **DISMISSED** with leave to amend.

### 4. Conversion/ Trespass to Chattels

Plaintiff asserts the County and Does 1 through 100 are liable for "Conversion and/or Trespass to Chattels." (Doc. 1 at 28-29.) As recognized by the Ninth Circuit, conversion has three elements under California Law: "ownership or right to possession of property, wrongful disposition of the property right and damages." *G.S. Rasmussen & Assocs. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 906 (9th Cir. 1992); *see also Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581 (2005) ("elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages"). The "tort of trespass to chattels allows recovery for interferences with possession of personal property 'not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered.'" *Intel Corp. v. Hamidi*, 30

Cal. 4th 1342, 1350 (2003) (quoting Prosser & Keeton, Torts (5th ed. 1984) § 14, pp. 85-86)).

Plaintiff alleges "Does 1 through 50 . . . seized, converted, damaged and/or or trespassed against the chattel of Plaintiff." (Doc. 1 at 4-5.) However, these are legal conclusions. Plaintiff does not provide any facts identifying what property or chattel was damaged and how, or who among the defendants trespassed upon or converted his property. Without such facts, Plaintiff fails to state a cognizable claim for conversion. *See Iqbal*, 556 U.S. at 678 (a plaintiff must do more than recite the elements of a claim or offer legal conclusions to support a claim for relief). Consequently, Plaintiff's ninth cause of action is **DISMISSED** with leave to amend.

### 5. Intentional Infliction of Emotional Distress

To state a cognizable claim for intentional infliction of emotional distress ("IIED"), Plaintiff must allege: (1) outrageous conduct by the defendants (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendants' actions were the actual and proximate cause (4) of Plaintiff's severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal. 1998)). Outrageous conduct is demonstrated when a "defendant's conduct was 'so extreme as to exceed all bounds of that usually tolerated in a civilized society.'" *Van Horn v. Hornbeak*, 2009 U.S. Dist. LEXIS 16134, at *8 (E.D. Cal. Feb. 18, 2009) (quoting *Ricard v. Pacific Indemnity Co.*, 132 Cal. App. 3d 886, 895 (1982)). Here, Plaintiff has failed to link any defendants to any outrageous conduct, and has not alleged facts which show a specific intent to cause Plaintiff emotional distress. Accordingly, Plaintiff has failed to state a cognizable claim for intentional infliction of emotional distress, and his tenth cause of action is **DISMISSED** with leave to amend.

### 6. Negligence

In general, to state a cognizable claim for negligence, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). "To prevail in an action for negligence, the plaintiff must show that the defendant owed a duty *to the plaintiff*." *See John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006) (emphasis added). Because Plaintiff fails to identify specific individuals who owed him a duty, or allege any facts such that the Court may determine a breach of any alleged duty, he fails to state a

cognizable claim for negligence against any of the "Doe" defendants. Similarly, Plaintiff has not alleged any facts supporting an allegation that the County is liable for any alleged negligence by its employees. Therefore, Plaintiff's eleventh cause of action is **DISMISSED** with leave to amend.

### 7. Civil Conspiracy

Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510- 511, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994). The elements of a civil conspiracy are "the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Id.* Here, Plaintiff fails to allege any facts such that officers discussed what they would do in the course of their arrest or, for that matter, discussed the situation while at the scene of the arrest. Without such facts, Plaintiff is unable to state a cognizable claim for negligence. Thus, Plaintiff's twelfth cause of action for conspiracy under California law is **DISMISSED** with leave to amend.

### 8. Violation of the Bane Act

Plaintiff alleges that the defendants interfered with rights protected by the California Constitution and the Constitution of the United States in violation of California Civil Code § 52.1, known as the "Bane Act." (Doc. 1 at 19). The Bane Act provides a cause of action for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ.Code § 52.1(a); *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004) ("Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right."). To state a claim under 52.1, the plaintiff must demonstrate that the interference with the constitutional right was accompanied by an act of coercion. *Jones v. Kmart*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) ("[S]ection 52.1 does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion.")

In *Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 977-978 (2013), the court held that where an arrest is unlawful and excessive force is used, a claim is stated under California Civil Code section 52.1.

Here, as explained above, though Plaintiff concludes that the arrest was unlawful and the force used was excessive, he has not alleged facts to support these conclusions.  Thus, Plaintiff's claim arising under the Bane Act fails.  *See Gant,* 765 F. Supp. 2d at 1253-54.  Because it is not clear that Plaintiff cannot state a claim under the Bane Act, this claim is **DISMISSED** with leave to amend.

## IV.     Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support his claims.  The Court will allow Plaintiff an opportunity to cure the deficiencies identified in this order by providing additional facts to support his claims.  *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile).  If Plaintiff fails to provide information supporting his claims, the Court will find he is unable to do so.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint; and

3. If Plaintiff fails to comply with this order, the action will be dismissed for failure to prosecute and failure to obey the Court's order.

IT IS SO ORDERED.

Dated: **November 18, 2014**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE