**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD RANDALL BERGMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01734 --- JLT<br><br>FINDINGS & RECOMMENDATION DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT COURT JUDGE TO THE MATTER |

Chad Bergaman is proceeding *pro se* and *in forma pauperis* in this action in which he claims he suffered various violations of his rights during an arrest. (Doc. 1) After screening the complaint, on November 18, 2014, the Court dismissed the complaint with leave to amend. (Doc. 2) However, Plaintiff has failed to file an amended complaint or take any other action to prosecute the matter. Accordingly, the Court recommends the action be **DISMISSED** without prejudice.

**I.     Background**

Plaintiff initiated this action by filing a complaint on November 6, 2014. (Doc. 1.) The Court screened the complaint and determined that it failed to state a claim. (Doc. 2) Thus, it dismissed the complaint but granted Plaintiff 21 days to file an amended complaint. *Id.*  In doing so, the Court warned Plaintiff, "If Plaintiff fails to comply with this order, the action will be dismissed for failure to

prosecute and failure to obey the Court's order." *Id.* at 17, emphasis in the original.   To date, Plaintiff has failed to comply with or otherwise respond to the Court's orders.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot and will not hold this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute.  The risk of prejudice to the defendant also weighs in favor of dismissal,

since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned if he failed to comply with the Court's order, "the action will be dismissed for failure to prosecute and failure to obey the Court's order." (Doc. 2 at 17, emphasis in the original). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders and his failure to prosecute the action. Further, these warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Order

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

## V.     Findings and Recommendations

Plaintiff has failed to prosecute this action and failed to comply with the Court's order dated November 18, 2014. (Doc. 2) Accordingly, the Court **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 22, 2014**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE